IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARISSA RUDY § | |
|     Plaintiff § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:18-cv-00993 |
| HOUSTON PROFESSIONAL FIRE § | |
| FIGHTERS ASSOCIATION and § | |
| INTERNATIONAL ASSOCIATION § | |
| OF FIRE FIGHTERS, LOCAL 341 § | |
| § | |
|     Defendant § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Charissa Rudy, (hereafter identified as "Plaintiff" or "Ms. Rudy"), files this Original Complaint, complaining of the Houston Professional Firefighters Association and the International Association of Fire Fighters, Local 341 (collectively "IAFF, Local 341"), and for her cause of action, respectfully shows the following:

**I.
INTRODUCTION**

1. This action seeks equitable relief, economic damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of Title VII committed against Plaintiff by Defendants.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff, Charissa Rudy, is an individual residing in the State of Texas.

4. Defendant, Houston Professional Fire Fighters Association is a domestic non-profit corporation and may be served with citation by serving its registered agent, Bryan Sky-Eagle at 1907 Freeman Street, Houston, TX 77009.

5. Defendant, International Association of Fire Fighters, Local 341 is a domestic business and may be served with citation by serving its registered agent, Bryan Sky-Eagle at 1907 Freeman Street, Houston, TX 77009.

6. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

7. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. The Court has personal jurisdiction over Defendants since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

9. Alternatively, the Court has personal jurisdiction over Defendants since the acts giving rise to this suit occurred within the State of Texas.

10. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

## IV.
## PROCEDURAL REQUISITES

11. On or about August 23, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission—Civil Rights Division.

12. On December 28, 2017, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue.

13. This suit is being filed within 90 days of Plaintiff's receipt of her Notice of Right to Sue.

## V.
## FACTS

14. Plaintiff, Charissa Rudy, is a former employee of Houston Professional Fire Fighters and/or IAFF, Local 341.

15. Plaintiff began her employment in February 2014.

16. Starting in September 2015, Rudy was subjected to a sexually hostile work environment.

17. Marty Lancton, then Communications Director, subjected Plaintiff to numerous and repeated unwanted sexual advances.

18. On March 2, 2016, Rudy filed a sexual harassment grievance against Marty Lancton.

19. The grievance sustained one of the four incidents.

20. Immediately after filing her complaints of sexual harassment against Lancton, Lancton's friends began harassing Rudy.

21. This harassment included the filing of fraudulent claims against Rudy.

22. Shane Horsted sent genital pictures to Rudy, sat on her lap at work, and made Rudy take pictures with him.

23. Ryan Horton has called Rudy's office phone and also made threats.

24. Carl Drake complained that Rudy stole his identity and used the membership database to blackmail and extort him.

25. Brooke Clifton and Ina Garcia have bullied and harassed Rudy.

26. Additionally, Director Wilcox received complaints by Rudy about both the sexual harassment and retaliation she suffered.

27. However, Wilcox has done nothing in response despite Rudy's complaints.

28. Wilcox also harassed Rudy following her complaints of unwanted sexual harassment and her complaints of retaliation.

29. Rudy reported the harassment to Defendants' Employee Relations Committee and to her Union, to no avail.

30. In October 2016, Mr. Lancton and Mr. Wilcox assumed executive positions of leadership in the organization. As a result, Lancton and Wilcox would have been Rudy's immediate supervisors.

31. As a result, Rudy had no choice but to submit a resignation letter effective October 24, 2016.

## VI.
## CAUSE OF ACTION—GENDER DISCRIMINATION

32. Each and every allegation contained in Paragraph 1-31 are re-alleged as if fully written herein.

33. Plaintiff is a female and within a class protected by Title VII.

34. As described above, during her employment, Plaintiff was subjected to different terms and conditions of employment by Defendants because of her gender.

35. During her employment with IAFF, Local 341, Plaintiff has been subjected to disparate treatment because of her gender.

36. Direct and/or circumstantial evidence exists showing that Defendants intended to discriminate against Plaintiff because of her gender, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*.

37. As a result of Defendants' actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

38. Additionally, the aforementioned action was done willfully or with reckless disregard for the federally protected rights of the Plaintiff, and an award of liquidated damages is therefore appropriate.

## VII.
## CAUSE OF ACTION - SEXUAL HARASSMMENT

39. Paragraphs 1 through 38 are incorporated by reference as if fully set forth herein.

40. As described above, during her employment, Plaintiff was subjected to sexual harassment, resulting in a hostile work environment based on her gender, in violation of Title VII, 42 U.S.C. § 2000e, *et seq*.

41. The harassment was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment and created a hostile working environment which was intimidating, insulting, and abusive to a reasonable person in Plaintiff's position.

42. The conditions described above led to a hostile work environment because of the following conditions:

    a. Severe and/or pervasive;
    b. Outrageous conduct;
    c. Demeaning conduct;
    d. Failure to take prompt remedial action;
    e. Affected terms and conditions of Plaintiff's employment;
    f. Did not provide sufficient recourse.

43. The sexual harassment was unwelcome.

44. The sexual harassment resulted in Plaintiff in having no choice but to resign her position.

45. By the above-described acts, Defendants discriminated against Plaintiff because of her gender by discriminating against her with respect to terms, conditions and privileges of her employment through denial of her employment

rights, benefits, promotions and achievement, including harassment, retaliation and resulting in the separation of her employment, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

46. Defendants acted with malice or, in the alternative, with reckless indifference to the state and federally protected rights of Plaintiff.

47. As a result of Defendants' discriminatory actions, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, emotional and mental impairment and disability, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

48. Additionally, because Defendants engaged in the discriminatory practices alleged with malice or reckless indifference to Plaintiff's state and federally protected rights, Defendant is liable for punitive damages pursuant to 42 U.S.C. §1981a(b).

49. Defendants did not make a good faith effort to comply with statutes against discrimination.

50. Defendant knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice regarding discrimination towards Plaintiff.

51. Plaintiff has not been afforded the same terms and conditions of her employment as similarly situated male employees.

52. As a result of Defendants' actions or inaction in violation of Title VII, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as

well as emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life in the past, all of which were caused by Defendants' treatment of Plaintiff and, in all probability, Plaintiff will continue to suffer such damages in the future.

## VII.
## CAUSE OF ACTION— RETALIATION

53. Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

54. Pursuant to Title VII, it is unlawful for an employer to retaliate against an employee for engaging in protected activity.

55. As described above, because Plaintiff opposed unlawful discriminatory conduct in the workplace and thus engaged in protected activity under Title VII, Defendants subsequently retaliated against Plaintiff for previous opposition to discriminatory conduct, in violation of Title VII.

56. As a result of Defendants' actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional distress and mental anguish

57. Plaintiff has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs.

## VII.
## JURY DEMAND

58. Plaintiff demands a jury on all issues triable to a jury in this case, and requests that this case be placed on the Court's jury docket.

## VIII.
## ATTORNEY'S FEES

59. Paragraphs 1 through 58 are incorporated by reference as if fully set forth herein.

60. Plaintiff is entitled to recovery of her attorney's fees and costs incurred in the prosecution of these claims, both at the trial level, along with conditional appellate awards for each level to which judgment rendered in this matter is taken.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing in this cause, Plaintiff have and recover against Defendants the following:

a. Compensatory damages as allowed by law;

b. Past economic damages as allowed by law;

c. Future economic damages as allowed by law;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Attorney's fees and costs of court; and

f. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

AHMAD & CAPODICE, PLLC

/s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
nahmad@ahmad-capodice.com
Dwain Capodice
State Bar No. 24031915
dcapodice@ahmad-capodice.com
24900 Pitkin Rd., Suite 300
The Woodlands, Texas  77386
Telephone:  (832) 767-3207
Telecopier:  (281) 864-4379

ATTORNEYS FOR PLAINTIFF
CHARISSA RUDY