IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARISSA RUDY, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:18-cv-993 | |
| § | | |
| HOUSTON PROFESSIONAL § | | |
| FIREFIGHTERS ASSOCATION AND, § | | |
| INTERNATIONAL ASSOCIATION § | | |
| OF FIRE FIGHTERS, LOCAL 341 § | | |
|     Defendants § | | |

**DEFENDANTS' ANSWER TO PLAITNIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants HOUSTON PROFESSIONAL FIREFIGHTERS ASSOCIATION AND INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 341, ("Defendants"), files their Answer to CHARISSA RUDY ("Plaintiff") Original Complaint ("Complaint") as follows:

**NUMBERING AND SUBTITLES**

Insofar as possible, Defendants have numbered and subtitled their Original Answer to correspond with and follow the subdivisions within Plaintiff's Original Complaint. Use of subtitles employed by Plaintiff does not constitute an admission regarding same.

**I.
INTRODUCTION**

1. Defendants admit that Plaintiff seeks the damages contained in Paragraph 1 of Plaintiff's Complaint, but deny entitlement to same.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## II.
## PARTIES

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants, HOUSTON PROFESSIONAL FIREFIGHTERS ASSOCIATION AND INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 341, are one in the same entity, a labor organization, who have accepted service and deny the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants, HOUSTON PROFESSIONAL FIREFIGHTERS ASSOCIATION AND INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 341, are one in the same entity, a labor organization, who have accepted service and deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## III.
## JURISDICTION AND VENUE

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint, but deny any wrongdoing.

## IV.
## PROCEDURAL REQUISITES

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint, but deny Defendants have the necessary number of employees required for coverage under Section 701(b) of Title VII.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## V.
## FACTS

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint and would further state that the two named Defendants are one in the same entity.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants admit Plaintiff filed a grievance as alleged in Paragraph 18 of Plaintiff's Complaint, but deny that any of the allegations in the grievance constitute sexual harassment under Title VII jurisprudence.

19. Defendants admit Plaintiff's grievance had one incident that was sustained as alleged in Paragraph 19 of Plaintiff's Complaint. However, that one incident was not determined to be sexual harassment.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants do not have sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint. Moreover, Shane Horsted was neither an employee, officer, or agent of Defendants.

23. Defendants do not have sufficient information to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint. Moreover, Ryan Horton was neither an employee, officer or agent of Defendants.

24. Defendants admit that Carl Drake filed a complaint against Plaintiff with Defendants, contending she accessed his personal information to send copies of text messages between Plaintiff and Drake to Drake's wife and brother-in-law. Drake was not an employee, officer, or agent of Defendants. Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit Brooke Clifton and Ina Garcia were female co-workers of Plaintiff, but deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint, but admit Plaintiff filed a grievance under her union contract, a resolution was proposed, but not accepted, and neither Plaintiff nor her union requested arbitration.

30. Defendants admit that Marty Lancton became President of Defendants and Brian Wilcox became Secretary of Defendants, but Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint. Moreover, Plaintiff's public statements are inconsistent with this allegation and the facts are insufficient to support a constructive discharge under Title VII jurisprudence.

## VI.
### CAUSE OF ACTION – GENDER DISCRIMINATION

32. Defendants reassert the answers set forth to Paragraphs 1-31 as the answer to Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of Plaintiff's Complaint, but deny any violations of Title VII.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## VII.
### CAUSE OF ACTION – SEXUAL HARASSMENT

39. Defendants reassert the answers set forth to Paragraphs 1-38 as the answer to Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## VII.
## CAUSE OF ACTION - RETALIATION

53. Defendants reassert the answers set forth to Paragraphs 1-52 as the answer to Paragraph 53 of Plaintiff's Complaint.

54. Defendants admit the allegations in Paragraph 54 of Plaintiff's Complaint, but deny they retaliated against Plaintiff in any way.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## VII. (VIII.)
## JURY DEMAND

58. Defendants admit Plaintiff demands a jury, but deny there are any triable issues.

## VIII. (IX.)
## ATTORNEY'S FEES

59. Defendants reassert the answers set forth to Paragraphs 1-58 as the answer to Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

## IX. (X.)
## (PLAINTIFF'S) PRAYER FOR RELIEF

Defendants admit Plaintiff seeks damages as alleged in her Prayer in Section IX (X) of the

Complaint, but deny Plaintiff is entitled to any. Defendants deny the remainder of the allegations in Plaintiff's Prayer for Relief.

## XI.
### AFFIRMATIVE DEFENSES

1. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that it is not liable to Plaintiff because Plaintiff has failed to exhaust her internal remedies by filing a grievance and then failing to request arbitration under her union collective bargaining agreement.

3. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that any recovery should be barred, based upon spoliation of evidence by Plaintiff or persons assisting Plaintiff.

4. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that Plaintiff's alleged damages, if any, are the product of Plaintiff's own actions or inaction.

5. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that Plaintiff has failed to mitigate her damages, if any.

6. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that any

injuries to Plaintiff occurred because of the acts of another third party or parties, and not Defendants.

7. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that it is not liable to Plaintiff because of waiver.

8. Defendants specifically reserve the right to add to or amend its answer to the allegations contained in Plaintiff's Complaint more fully at a later date when the facts concerning the same may be more exactly developed following disclosures, discovery and investigation, this right being held pursuant to the Constitution and laws of the United States and the Federal Rules of Civil Procedure.

## XII.
### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully defended, Defendants respectfully requests the following relief:

a. that the Complaint be dismissed, and that Plaintiff take nothing thereby;
b. that this Court award Defendants its costs and reasonable attorney fees; incurred herein, and;
e. that this Court award Defendants such other and further relief as to which it may show itself to be properly entitled.

Respectfully submitted,

PATRICK M. FLYNN, P.C.

/s/ Patrick M. Flynn_____
PATRICK M. FLYNN
Texas Bar No. 07199200
1225 North Loop West, Suite 1000
Houston, Texas 77008-1775
(713) 861-6163   (713) 961-5566 (facsimile)
pat@pmfpc.com
**ATTORNEY IN CHARGE FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on 23 July 2018, I electronically filed the foregoing DEFENDANTS' ANSWERS TO PLAINTIFF'S ORIGINAL COMPLAINT, with the clerk of court of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Nasim Ahmad
Dwaine Capodice
Ahmad & Capodice, PLLC
24900 Pitkin Rd, STE 300
The Woodlands TX 77386

            /s/ Patrick M. Flynn
            PATRICK M. FLYNN